UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NIGEL AND SUSAN LARSEN, natural parents and next friends of MATTHEW LARSEN, a minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:17-CV-345-HBG |
| BASS PRO SHOPS, INC., d/b/a BASS PRO SHOPS OUTDOOR WORLD, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 17].

Now before the Court is a Joint Motion for Settlement Approval [Doc. 13]. The Motion requests that the Court approve the settlement agreement reached by the parties with respect to the claims of Matthew Larsen, who is eleven years old. The parties appeared before the Court on June 6, 2018, for a motion hearing. Attorney Billy Stokes appeared on behalf of Plaintiffs. Attorney John Anderson appeared on behalf of Defendant. Plaintiffs Nigel Larsen and Matthew Larsen were also in attendance via video conferencing.

The Motion explains that on July 26, 2016, Matthew Larsen, Nigel Larsen (Matthew Larsen's father), and other relatives were visiting the Bass Pro Shop in Kodak, Tennessee. As they were leaving, Matthew Larsen and some of his relatives entered a boat to take photographs. Matthew Larsen jumped out of the boat and sustained an injury to his right leg when he landed on

the floor. Matthew Larsen was taken to the Well Key Urgent Care Center where he was treated and released. He continued to receive medical treatment at the Orthopedic Center of Palm Beach, Florida. Matthew Larsen's x-rays revealed a spiral fracture of the shaft of the right tibia and an oblique fracture of the shaft of the right fibula. The injuries were treated conservatively and no surgery was necessary following the accident.

The Motion continues that Matthew Larsen's recovery proceeded without complications. He was placed in a full leg cast, and afterwards, he was placed in a short cast for four months. He then wore a boot for five months and proceeded to physical therapy. Matthew Larsen was eventually released without restrictions. At this time, he has no physical limitations or restrictions. He has resumed his normal lifestyle of playing sports and other physical activities. Matthew Larsen's medical expenses totaled $14,883.00.

The parties attended a mediation on April 30, 2018, wherein they agreed to settle this case for a total of fifteen thousand dollars ($15,000.00). The Motion explains that liability is highly disputed. Matthew Larsen's guardians, Nigel Larsen and Susan Larsen, submit that the settlement agreement is fair and reasonable and in the best interests of their minor child. The Motion states that, subject to the approval of the Court, the settlement agreement will be accepted as a full and final release of all claims that Matthew Larsen has or shall ever have as a result of the incident that occurred on July 26, 2016.

During the hearing in this case, Plaintiffs stated that the parties agreed to settle this case for fifteen thousand dollars ($15,000.00). Plaintiffs explained that they agreed to settle this case given their difficulties establishing Defendant's liability for the incident. Plaintiffs stated that medical expenses have already been covered, and there is no subrogation claim. Plaintiffs stated that the net recovery is $8,226.90. They further explained that expenses were $1,773.10, and the

remaining amount of $5,000.00 will be paid to their counsel for attorney's fees. Further, Plaintiffs stated that they will use the settlement amount solely for the benefit of Matthew Larsen. Plaintiff Nigel Larsen testified that he agreed with the settlement amount and that he always acts within the best interest of his child. In addition, Matthew Larsen testified that he is able to participate in physical activities.

Accordingly, based on the testimony at the hearing and the filings of the parties, the Court finds that Matthew Larsen has waived the appointment of a guardian ad litem and that because his parents are the petitioners in this case, a guardian ad litem is not required. *See* Tenn. Code Ann. § 34-1-107(a)(2)(A) (noting that a court may waive appointment of a guardian ad litem if the petitioner is a parent of the minor). The Court also finds that the settlement agreement with respect to Matthew Larsen's claims is fair and reasonable and is in the best interests of Matthew Larsen. The Court further finds that the attorney's fee in the amount of $5,000.00 is fair and reasonable. Accordingly, the Joint Motion for Settlement Approval [**Doc. 13**] is hereby **GRANTED**. It is further **ORDERED**:

(1) This matter involving the personal injury claim of Matthew Larsen has been settled in the total amount of Fifteen Thousand Dollars ($15,000.00);

(2) The fee agreement of Matthew Larsen's counsel, Billy Stokes, is fair and reasonable and that the legal fees of Five Thousand Dollars ($5,000.00) shall be disbursed to Attorney Billy Stokes, from the settlement amount, in addition to the expenses in the amount of One Thousand, Seven Hundred Seventy-Three Dollars and Ten Cents ($1,773.10);

(3) The net amount of Eight Thousand, Two Hundred Twenty-Six Dollars and Ninety Cents ($8,226.90) shall be paid to Nigel and Susan Larsen for the benefit of Matthew Larsen;

(4) In consideration of said payments and pursuant to Tennessee Code Annotated § 29-34-105, Defendant is fully and finally

discharged from any and all liability as to Matthew Larsen as a result of the July 26, 2016 accident; and

(5) This settlement constitutes a full, final and complete comprise of Matthew Larsen's claims against Defendant.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge